IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 19-192 |
| | : | |
| RANDY LEE SWACKHAMMER | : | |

## JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

**AND NOW,** this 2nd day of August 2021, upon considering the United States' Motions for preliminary forfeiture (ECF Doc. No. 42), evidence adduced at today's sentencing hearing and finding as a result of Randy Swackhammer's guilty plea as to count one of the Information, charging Mr. Swackhammer violated 18 U.S.C. § 1349, conspiracy to commit health care fraud and for which the United States sought forfeiture, it is **ORDERED** the Motion (ECF Doc. No. 42) is **GRANTED** and we enter **JUDGMENT** requiring Mr. Swackhammer **forfeit** to the United States all right, title and interest in any property, real or personal, used or intended to be used to commit or to facilitate the commission of the violation as charged in the Information under our terms:

1. As a result of Randy Swackhammer's guilty plea as to count one of the Information charging him with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349 (Count One); he is required to forfeit criminally his interest in any property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the offenses under 18 U.S.C. § 981(a)(1)(C), made applicable by 28 U.S.C. § 2461(c).

2. All property that constitutes or is derived from proceeds traceable to the commission of such offenses is forfeited to the United States.

3. The sum of $139,000 represents the value of property that constitutes and is derived

from gross proceeds Mr. Swackhammer directly or indirectly obtained, which are traceable to his commission of the offenses charged in Count One of the Information.

4. Mr. Swackhammer shall forfeit to the United States the $139,000 in proceeds he obtained as a result of his commission of the offenses charged in Count One of the Information, under 18 U.S.C. § 981(a)(1)(C), made applicable by 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2). A money judgment in the amount of $139,000 is entered against Randy Swackhammer.

5. Under 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment. The Untied States may move at any time, under Federal Rule of Criminal Procedures 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

6. Upon entry of this Order, the Attorney General or a designee, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Federal Rule of Civil Procedure 45.

7. Because the United States does not seek forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where specific property is not being forfeited).

8. Under Federal Rule of Criminal Procedure 32.2(b)(4), this forfeiture Order shall become final as to Mr. Swackhammer at the time of sentencing and shall be made part of his sentence and

included in the judgment and commitment Order.

12. The Court shall retain jurisdiction to enforce this forfeiture Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

13. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Bureau of Investigation ("FBI"); Department of Health and Human Services- Office of the Inspector General, United States Postal Service and to counsel for the parties.

_____
KEARNEY, J.